IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA VALENTINA LEON-VIZCAINO, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NY GEORGE'S CATERING CORP. d/b/a MAMA PISCO KITCHEN BAR and CARLOS ANDRES SERNA, Jointly and Severally,<br><br>Defendants. | Case No. _____ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**
**(Jury Trial Demanded)**

**Comes Now**, Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. Defendants own and operate a restaurant specializing in Peruvian cuisine which is known as Mama Pisco Kitchen Bar.

2. Plaintiff first worked in Defendants' company as a waitress, and was later promoted to assistant manager.

3. Throughout Plaintiff's employment, Plaintiff was not paid the appropriate minimum wage, spread of hours pay, or overtime wages despite working in excess of 40 hours each week.

4. Plaintiff brings this action on behalf of herself, and all other similarly situated employees of Defendants, that have not received: the applicable minimum wage, overtime wages for weeks in which they worked in excess of 40 hours, spread of hours pay, pursuant to the Fair Labor

1

Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, the New York Labor Law (NYLL), §§ 190 et seq., N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2, and supporting regulations.

5. Plaintiff seeks to bring these claims as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff performed work for Defendants' principal place of business, located at: 53-05 65th Place, Maspeth, New York 11378, which is in Queens County. Therefore, venue is proper in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9. Laura Valentina Leon-Viscaino, was at all relevant times, an adult individual residing at 5316 65th Place, Maspeth, New York, which is in Queens County.

**Defendants:**

10. NY George's Catering Corp. d/b/a Mama Pisco Kitchen Bar (hereinafter, "MP") is an active New York corporation. Its principal place of business is: 53-05 65th Place, Maspeth, New York 11378, which is in Queens County.

2

11. Carlos Andres Serna, upon information and belief is an owner, officer, director and/or managing agent of MP. Mr. Serna's address is unknown at this time.

12. Mr. Serna participated in the day-to-day operations of MP, and acted intentionally and maliciously. Mr. Serna signed the checks that were issued to Plaintiff for each pay period. Mr. Serna is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), the regulations promulgated under 29 C.F.R. § 791.2, and the NYLL, and is jointly and severally liable with MP.

13. Upon information and belief, Mr. Serna jointly set the unlawful payroll policies complained of in this complaint for MP.

14. At all relevant times, Defendants listed in this complaint have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA and the NYLL.

15. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

16. Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, in that they are a restaurant that obtains food and beverage items from outside of New York, including alcoholic beverages such as beer and liquor. Additionally, Defendants utilize an online food-ordering application called Sauce, which is a national platform that allows restaurants to display their food online for online purchasing and delivery. Thus, Defendants have engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

17. At all relevant times, Defendants have been in the food service industry, and have owned

an operated the restaurant known as MP.

18. Throughout her employment, Plaintiff was paid a combination of cash and check each week.

19. Plaintiff was employed by Defendants from May 27, 2022 to March 31, 2025.

20. Plaintiff worked for Defendants as a waitress from approximately May 27, 2022 to December 31, 2022. Plaintiff was promoted to the position of assistant manager, and worked for Defendants as assistant manager from January 1,2023 to March 31, 2025.

21. As a waitress, Plaintiff's job duties included: waiting tables, taking customer orders, and serving food, and at times, working as a bartender and providing alcoholic drinks for customers.

22. As a waitress, Plaintiff was paid a rate of $10 per hour, straight-time, for all hours worked. Additionally, Plaintiff was able to receive tips from customers as a waitress.

23. As an assistant manager, Plaintiff was paid a salary of $600 per week. Additionally, Plaintiff also received tips received from customers as an assistant manager.

24. As an assistant manager, Plaintiff spent about 40% of her time performing non-tipped work, such as: training employees, setting employee schedules, responding to customer complaints, taking catering orders, creating menu specials, ordering food products, supporting the head restaurant manager, and scheduling the restaurant for private parties.

25. Plaintiff typically worked six days a week, Thursday through Sunday, and was off on Mondays.

26. Plaintiff typically worked 10 hours each day, from 1 p.m. to 11 p.m., with a half an hour lunch break each day. However, on Tuesdays she would work from 11 a.m. to 11 p.m., and on Thursdays she would work from 1 p.m. to 12 a.m. Additionally, Plaintiff often did not get her full 30-minute lunch break, and sometimes worked with no break at all.

27. On average, Plaintiff worked 60 hours each week.

28. Throughout Plaintiff's employment, Plaintiff was paid straight-time for all hours worked and received no overtime wages whatsoever, despite working in excess of 40 hours each week.

29. For example, during the work week of June 20, 2022 to June 26, 2022, Plaintiff worked 60 hours. Plaintiff was paid $10 per hour, straight-time, for all hours worked that week, and earned approximately $600 during the pay period for that week. During that week, Plaintiff worked, Tuesday through Sunday. On Wednesday, Friday, Saturday, and Sunday, Plaintiff worked from 1 p.m. to 11 p.m. On Tuesday Plaintiff worked from 11 a.m. to 11 p.m., and on Thursday Plaintiff worked from 1 p.m. to 12 p.m. Plaintiff was off on Monday. Plaintiff was given a half-hour break each day. Thus, her actual work time, after deducting a half-hour for breaks, was approximately 10 hours each day for this work week, and 60 hours worked for the week.

30. Defendants were required by law to pay Plaintiff time-and-a-half her regular wages for all hours in excess of 40 hours, but purposely chose to not to pay her overtime wages.

31. Plaintiff was not provided with statement with every payment of wages, listing: the dates of work covered by that payment of wages, rate or rates of pay, the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, or the number of overtime hours worked. As a result of not receiving these statements, Plaintiff has sustained an injury-in-fact, in that she was unable to obtain an accurate statement of how many overtime hours she worked each week with each payment of wages, and would have commenced this law suit much earlier if she had her wage statements. Additionally, without a statement of how many hours she worked, Plaintiff was unable to know whether she was owed overtime wages, and how much her damages might be, which would have caused her to file suit. Thus, Plaintiff has a injury-in-

fact, due to not receiving adequate wage statements.

32. Additionally, at the time of hiring, Plaintiff was never provided by Defendants any written notice, in writing in English and Spanish (her primary language), a notice containing: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer. As a result of not receiving this written notice, Plaintiff has sustained an injury-in-fact, in that she was not made aware of what her regular rate of pay would be, and thus was delayed in filing the instant lawsuit because she was not aware she was being improperly paid. Thus, Plaintiff has an injury-in-fact due to not receiving a proper statement as required by the NYLL at the time of hiring.

33. Plaintiff generally worked 11 hours each day. However, Plaintiff did not receive any spread of hours pay, as one additional hour's pay at the basic minimum wage rate before allowances, for each day Plaintiff's workday exceeded ten hours

34. This failure to pay overtime premium wages, provide statements each pay period showing the amount of overtime worked, and pay spread of hours pay, can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a), and the NYLL § 663.

35. Individual Defendant, Mr. Serna, is the President of MP. Mr. Serna participated in the day-to-day operations of MP, and set the unlawful practice of MP not paying minimum wages and overtime wages to Plaintiff. Mr. Serna was responsible for paying Plaintiff her wages, and thus had actual and constructive knowledge of how Plaintiff was paid. Mr. Serna had the power to hire and fire employees at MP. As President of MP, Mr. Serna set the terms and conditions of employment for the employees such as Plaintiff, and the company itself. Mr. Serna also maintained

the employment records of MP, such as scheduling and pay records. Upon information and belief, Mr. Serna worked full-time for MP, and did not have other full-time employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First Cause of Action as a collective action under the FLSA, on behalf of herself and the following collective:

> All persons employed by Defendants, at any time from April 30, 2019 to April 30, 2025, through the entry of judgment in this case (the "Collective Action Period"), who worked as waitresses, bartenders, busboys, assistant managers, and all other employees who were not paid the applicable minimum wage or overtime wages in weeks in which they worked in excess of 40 hours in a week (the "Collective Action Members").

37.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay an overtime premium for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

38.     The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff is unknown at this time but believed to be at least 40 employees.

## CLASS ACTION ALLEGATIONS UNDER RULE 23

39.     Plaintiff brings the following class action allegations pursuant to Fed. R. Civ. P. 23, on behalf of:

> All persons employed by Defendants, at any time from May 23, 2019 to June 23, 2025, through the entry of judgment in this case (the "New York Class Period"), who worked as waitresses, bartenders, assistant managers, busboys, and all hourly workers who were not paid overtime wages for weeks in which they worked in excess of 40 hours or spread of hours pay (the "New York Class").

40. Plaintiff is a member of the New York class and is an appropriate person to represent the class.

41. Certification of the New York Class' claims as a class action is the most economical means of resolving the questions of law and fact which are common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on her individually and on the members of the New York Class employed by Defendants. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for the Plaintiff and the members of the New York Class, and Defendants.

42. The New York Class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time, upon information and belief, the New York Class is at least 40 members, that have worked for Defendants during the New York Class Period, which satisfies the numerosity requirement of Rule 23(a)(1).

43. The claims alleged by Plaintiff raise questions of law and fact common to the New York Class. Among these questions are:

    a. Whether Defendants employed Plaintiff and members of the New York Class within the meaning of the NYLL;

b. Whether Defendants failed to pay Plaintiff and the members of the New York Class overtime wages, at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in any workweek during the New York Class Period;

c. Whether Defendants failed to pay Plaintiffs and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the NYLL and the regulations promulgated thereunder;

d. Whether Defendants have failed to provide Plaintiff and members of the New York Class with a notice for each pay period stating: their wage rate, total hours worked, and total overtime worked, for each week of their employment, as required by N.Y. Lab. Law § 195(3)

e. Whether Defendants failed to provide a notice as time of hiring in English and the primary language of the employees, stating: the rate of pay, the regular pay day, the name of the employer, any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, a mailing address, and telephone number of the employer, in violation of the N.Y. Lab. Law § 195(1)(a).

f. Whether Defendants' violations of the FLSA and NYLL were willful;

g. Whether Defendants are liable for all damages claimed, including but not limited to: compensatory, liquidated, statutory, interest, costs, and attorney's fees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

9

44. Plaintiff, on behalf of herself and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

45. As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

46. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. The failure to pay overtime has caused Plaintiff and the Collective Action Members to suffer lost wages and interest thereon. As a result, they are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

48. Plaintiff, on behalf of herself, and the Collective Action Members, and the New York Class, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

49. As a result of Defendants' failure to compensate its employees, including Plaintiff, the Collective Action Members, and the New York Class at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants

10

have violated the NYLL, N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2, for which Plaintiff, the Collective Action Members, and the New York Class are entitled to relief pursuant the NYLL, § 190 et seq.

50. Defendants' failure to pay overtime wages to these hourly employees constitutes a willful violation of the FLSA within the meaning of NYLL § 663.

51. The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – MINIMUM WAGES

52. Plaintiff, repeats and realleges all paragraphs above as though fully set forth herein.

53. Defendants failed to pay Plaintiff the applicable New York minimum wage throughout her employment. Thus, Defendant has violated NYLL § 652, and Plaintiff is entitled to relief.

54. Defendant's failure to pay minimum wages to Plaintiff constitutes a willful violation of the NYLL.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

55. Plaintiff, the Collective Action Members, and the New York Class, repeat and reallege all paragraphs above as though fully set forth herein.

56. Defendants failed to pay Plaintiff, the Collective Action Members, and the New York Class, one additional hour's pay at the basic minimum wage rate before allowances, for each day

Plaintiffs' spread of hours exceeded ten hours, in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

57. Defendants' failure to pay an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

## **PRAYER FOR RELIEF**

Therefore, Plaintiff requests that this Court grant the following relief, on behalf of Plaintiff, the Collective Action Members, and the New York Class:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA and the NYLL;

c. An award of unpaid overtime wages due under the FLSA and the NYLL;

d. An award of unpaid minimum wages due under the NYLL;

e. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages under the FLSA and NYLL;

f. An award of spread of hours pay under the NYLL;

g. An award of $5,000 for Plaintiff and each of the Collective Action Members, for each violation of the § 195 of the NYLL;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with attorney's fees;

j. An order awarding an increase of the total amount of judgment by 15%, for any amounts that remain unpaid upon the expiration of 90 days of the issuance of judgment, in accordance with the NYLL, § 198(4);

k. An order certifying this action as a collective action under 29 U.S.C. § 216(b), as well

as an order certifying the action as a class action under Fed. R. Civ. P. 23, and a designation of undersigned as class counsel;.

l. An injunction against Defendants ordering them to cease violating the overtime and minimum wage provisions of the FLSA and NYLL as described of in this complaint;

m. Such other and further relief and this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 23, 2025

                Respectfully submitted,

                **s/ Brandon A. Thomas**
                **BRANDON A. THOMAS**
                Bar No. GA742344
                The Law Offices of Brandon A. Thomas, PC
                1 Glenlake Parkway, Suite 650
                Atlanta, GA 30328
                Tel: 678-862-9344
                Fax: 678-638-6201
                brandon@overtimeclaimslawyer.com